UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | 1:10-cv-0286 OWW SKO |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 3/30/11 |
| OFFICE DEPOT, INC., | Non-Dispositive Motion Filing Deadline: 4/15/11 |
| Defendants. | Non-Dispositive Motion Hearing Date:  5/20/11 9:00 Ctrm. 8 |
| | Dispositive Motion Filing Deadline: 4/29/11 |
| | Dispositive Motion Hearing Date:  6/6/11 10:00 Ctrm. 3 |
| | Settlement Conference Date: 4/6/11 11:00 Ctrm. 8 |
| | Pre-Trial Conference Date: 7/11/11 11:00 Ctrm. 3 |
| | Trial Date: 8/23/11 9:00 Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

     July 23, 2010.

II.  Appearances Of Counsel.

     Moore Law Firm, P.C. by Tanya Levinson Moore, Esq., appeared on behalf of Plaintiff.

1

1    **Weston Herzog LLP by Jonathon J. Herzog, Esq., appeared on**
2    **behalf of Defendant.**

3    **III.   Summary of Pleadings.**

4        **1.    This is a civil rights action by Plaintiff Ronald Moore**
5    **for discrimination at the building, structure, facility, complex,**
6    **property, land, development, and/or surrounding business complex**
7    **known as: Office Depot Store, located at 2736 E. Divisadero**
8    **Street, Fresno, California 93721.  Moore seeks damages,**
9    **injunctive and declaratory relief, attorney fees and costs,**
10   **against Office Depot, Inc.**

11       **2.    Defendant Office Depot, Inc. denies any intentional**
12   **discrimination and is in the process of investigating the**
13   **allegations of noncompliance set forth in Plaintiff's Complaint.**

14   **IV.   Orders Re Amendments To Pleadings.**

15       **1.    The caption of the Complaint has been amended to delete**
16   **any Defendants except Office Depot, Inc.  The parties do not**
17   **anticipate amending the pleadings at this time.  The deadline for**
18   **any amendments to pleadings shall be October 1, 2010, absent good**
19   **cause shown for later amendment.**

20   **V.    Factual Summary.**

21       **A.    Admitted Facts Which Are Deemed Proven Without Further**
22   **Proceedings.**

23           **1.    Defendant Office Depot, Inc. is a corporation**
24   **licensed to do and doing business in the State of California.**

25           **2.    Office Depot operates and leases the store at**
26   **issue.**

27           **3.    The store is a public accommodation facility open**
28   **to the public, intended for nonresidential use and whose**

1    operation affects commerce.

2        B.    Contested Facts.

3            1.    All remaining facts are disputed, including

4    whether Defendant has complied with Federal and State statutes

5    and the feasibility of corrections of any non-compliance items.

6            2.    There is no dispute over liability between

7    landlord and tenant.

8    VI.  Legal Issues.

9        A.    Uncontested.

10            1.    Jurisdiction exists under 28 U.S.C. §§ 1331, 1343

11    and 1367.

12            2.    Venue is proper under 28 U.S.C. § 1391(b) and (c).

13            3.    Federal jurisdiction also exists under 28 U.S.C.

14    §§ 2201 and 2202.

15            4.    The parties agree that for supplemental claims,

16    the substantive law of the State of California provides the rule

17    of decision.

18        B.    Contested.

19            1.    All remaining legal issues are disputed.

20    VII. Consent to Magistrate Judge Jurisdiction.

21        1.    The parties have not consented to transfer the

22    case to the Magistrate Judge for all purposes, including trial.

23    VIII.        Corporate Identification Statement.

24        1.    Any nongovernmental corporate party to any action in

25    this court shall file a statement identifying all its parent

26    corporations and listing any entity that owns 10% or more of the

27    party's equity securities.  A party shall file the statement with

28    its initial pleading filed in this court and shall supplement the

3

1   statement within a reasonable time of any change in the
2   information.
3   IX.   Discovery Plan and Cut-Off Date.
4        A.   Changes in Timing.
5             Parties do not request any changes in the timing, form,
6   or requirement for disclosures under Rule 26(a).
7        B.   Cut-Off Date for Non-Expert Discovery.
8             Parties propose a discovery cut-off date of January
9   2011.
10       C.   Suggested Timing of the Disclosure of Expert Witnesses
11  as Required by Fed.R.Civ.P. 26(a)(2).
12            Parties propose expert disclosures take place in
13  February 2001, or at the convenience of the Court.
14       D.   Suggested Timing of the Disclosure of Expert Witness
15  Discovery as Required by Fed.R.Civ.P. 26(a)(2).
16            Parties request that any expert exchange be
17  simultaneous between all parties ninety (90) days prior to the
18  close of discovery, with supplemental disclosures thirty (30)
19  days later.
20       E.   Changes in the Limits on Discovery.
21            Parties do not request changes to the limitations on
22  discovery, aside from those imposed by FRCP and local rules.
23       F.   Protective Order Relating to the Discovery of
24  Information.
25            Parties do not anticipate at this time that such
26  protective order will be required.
27       G.   Timing, Sequencing, Phasing or Scheduling of Discovery.
28            Parties do not seek a timetable for discovery outside

4

1  of the Court's Scheduling Order.  Parties do not believe

2  discovery should be conducted in phases or limited to particular

3  issues.

4          H.   Discovery Outside of the U.S.

5              Parties do not anticipate the need to take discovery

6  outside the United States.

7          I.   Video and/or Sound Recording of Depositions.

8              Parties anticipate that all depositions will be

9  videotaped.

10         J.   Mid-Discovery Status Report and Conference.

11             Parties propose a date in March of 2011 for status

12 report and conference.

13         K.   Discovery Relating to Electronic, Digital and/or

14 Magnetic Data.

15             Parties do not anticipate at this time that such

16 discovery will be required.

17         L.   The Court orders:

18             1.   The parties are ordered to complete all discovery

19 on or before March 30, 2011.

20             2.   The parties are directed to disclose all expert

21 witnesses, in writing, on or before January 31, 2011.  Any

22 rebuttal or supplemental expert disclosures will be made on or

23 before February 28, 2011.  The parties will comply with the

24 provisions of Federal Rule of Civil Procedure 26(a)(2) regarding

25 their expert designations.  Local Rule 16-240(a) notwithstanding,

26 the written designation of experts shall be made pursuant to F.

27 R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

28 information required thereunder.  Failure to designate experts in

                                5

compliance with this order may result in the Court excluding the
testimony or other evidence offered through such experts that are
not disclosed pursuant to this order.

      3.   The provisions of F. R. Civ. P. 26(b)(4) shall
apply to all discovery relating to experts and their opinions.
Experts may be fully prepared to be examined on all subjects and
opinions included in the designation.  Failure to comply will
result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any
discovery motions, will be filed on or before April 15, 2011, and
heard on May 20, 2011, at 9:00 a.m. before Magistrate Judge
Sheila K. Oberto in Courtroom 8.

    2.   In scheduling such motions, the Magistrate
Judge may grant applications for an order shortening time
pursuant to Local Rule 142(d).  However, if counsel does not
obtain an order shortening time, the notice of motion must comply
with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be
filed no later than April 29, 2011, and will be heard on June 6,
2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United
States District Judge, in Courtroom 3, 7th Floor.  In scheduling
such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.   July 11, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor,
before the Honorable Oliver W. Wanger, United States District
Judge.

    2.   The parties are ordered to file a Joint Pre-

1  Trial Statement pursuant to Local Rule 281(a)(2).

2      3.   Counsel's attention is directed to Rules 281

3  and 282 of the Local Rules of Practice for the Eastern District

4  of California, as to the obligations of counsel in preparing for

5  the pre-trial conference.  The Court will insist upon strict

6  compliance with those rules.

7  XII. Motions - Hard Copy.

8      1.   The parties shall submit one (1) courtesy paper copy to

9  the Court of any motions filed.  Exhibits shall be marked with

10  <u>protruding numbered or lettered tabs</u> so that the Court can easily

11  identify such exhibits.

12  XIII.  Trial Date.

13      1.   August 23, 2011, at the hour of 9:00 a.m. in Courtroom

14  3, 7th Floor, before the Honorable Oliver W. Wanger, United

15  States District Judge.

16      2.   This is a jury trial.

17      3.   Counsels' Estimate Of Trial Time:

18          a.   5 days.

19      4.   Counsels' attention is directed to Local Rules

20  of Practice for the Eastern District of California, Rule 285.

21  XIV. Settlement Conference.

22      1.   A Settlement Conference is scheduled for April 6, 2011,

23  at 11:00 a.m. in Courtroom 8 before the Honorable Sheila K.

24  Oberto, United States Magistrate Judge.  If the parties desire an

25  earlier settlement conference, they may contact the Courtroom

26  Deputy for Magistrate Judge Oberto and an earlier settlement

27  conference date shall be assigned.

28      2.   Unless otherwise permitted in advance by the

7

Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.     Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.     Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5.     The Confidential Settlement Conference Statement shall include the following:

a.     A brief statement of the facts of the

8

1  case.

2          b.   A brief statement of the claims and

3  defenses, i.e., statutory or other grounds upon which the claims

4  are founded; a forthright evaluation of the parties' likelihood

5  of prevailing on the claims and defenses; and a description of

6  the major issues in dispute.

7          c.   A summary of the proceedings to date.

8          d.   An estimate of the cost and time to be

9  expended for further discovery, pre-trial and trial.

10          e.   The relief sought.

11          f.   The parties' position on settlement,

12  including present demands and offers and a history of past

13  settlement discussions, offers and demands.

14  XV.  Request For Bifurcation, Appointment Of Special Master,

15  Or Other Techniques To Shorten Trial.

16      1.   None.

17  XVI. Related Matters Pending.

18      1.   There are no related matters.

19  XVII.     Compliance With Federal Procedure.

20      1.   The Court requires compliance with the Federal

21  Rules of Civil Procedure and the Local Rules of Practice for the

22  Eastern District of California.  To aid the court in the

23  efficient administration of this case, all counsel are directed

24  to familiarize themselves with the Federal Rules of Civil

25  Procedure and the Local Rules of Practice of the Eastern District

26  of California, and keep abreast of any amendments thereto.

27  XVIII.    Effect Of This Order.

28      1.   The foregoing order represents the best

estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    July 23, 2010                              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE

10